UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CRAMER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | No. 2:15-cv-2506 CKD P<br><br><br>ORDER |

　　　Petitioner, proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges his November 2014 conviction in the Placer County Superior Court for violating Cal. Penal Code § 242, for which he received a sentence of 30 days.  (ECF No. 1 at 1.)  Petitioner has paid the filing fee for this action.

　　　The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

　　　After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  Petitioner filed his claims in the California Supreme Court on

December 1, 2015 and filed the instant federal action the next day. (ECF No. 1 at 4-5.) There is no allegation that state court remedies are no longer available to petitioner. Thus, the petition should be dismissed without prejudice to renewal when state remedies are exhausted – i.e., when the state supreme court issues a decision on petitioner's claims.[1] Petitioner has consented to Magistrate Judge jurisdiction to conduct all proceedings in this action. (ECF No. 3.)

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed without prejudice for failure to exhaust state remedies; and

2. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

Dated: December 9, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / cram2506.103

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).